FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUL 07 2014
JAMES W. McCORMACK, CLERK
By: [signature] DEP CLERK

FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U. S. C. Sec. 1983

IN THE UNITED STATES DISTRICT COURT
_______________ DISTRICT OF ARKANSAS
_______________ DIVISION

5:14-CV-265 JLH/HDY

I. Parties

JURY TRIAL ☒ YES ☐ NO

In item A below, place your full name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

A. Name of **Plaintiff:** SYLVESTER O. BARBEE
ADC# 131311
Address: P.O. Box 1630, Malvern, AR 72104

Name of **Plaintiff:** _______________
ADC# _______________
Address: _______________

This case assigned to District Judge Holmes
and to Magistrate Judge Young

Name of **Plaintiff:** _______________
ADC# _______________
Address: _______________

In item B below, place the full name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.

COMPENSATORY DAMAGE(S) $300,000
PUNITIVE DAMAGE(S) $400,000

B. Name of **Defendant:** CHERI ELLIS
Position: UNITED STATE(S) DEPT. OF AGRICULTURE INSPECTOR OF EGG PROCESSOR
Place of Employment: CUMMIN(S) UNIT PRISON FARM
Address: P.O. Box 500, Grady, AR 71644-0500

ORCU Legal Use Only

Name of Defendant: Aundrea Weekly — Compensatory Damages $300,000; Punitive Damage(s) $300,000
Position: Safety & Sanitation Officer
Place of Employment: Cummin(s) Unit Prison Farm
Address: P.O. Box 500, Grady, AR 71644-0500

Name of Defendant: Dr. Moore — Compensatory Damage(s) $300,000; Punitive Damage(s) $300,000
Position: Physician of C.M.S at Cummin(s) Unit
Place of Employment: Cummin(s) Unit
Address: P.O. Box 500, Grady, AR 71644-0500

Name of Defendant: Marie E. Austin — Compensatory Damage(s) $300,000; Punitive Damage(s) $300,000
Position: Health Service(s) Administrator of C.M.S.
Place of Employment: Cummin(s) Unit
Address: P.O. Box 500, Grady, AR 71644-0500

Name of **Defendant:** JASON BOYD PUNITIVE DAMAGE(S) $400,000 COMPENSATORY DAMAGE(S) $300,000

Position: POULTRY/SWINE COMPANY INSPECTOR OF EGG PROCESS ROOM

Place of Employment: ARK. DEPT. OF CORR POULTRY/SWINE AT CUMMIN(S) UNIT

Address: P.O. BOX 500, GRADY, AR 71644-0500

Name of **Defendant:** JOHN & OR JANE DOE PUNITIVE DAMAGE(S) $450,000 COMPENSATORY DAMAGE(S) $300,000

Position: CUMMIN(S) UNIT HEN HOUSE(S) SANITATION/INSPECTOR OF 2012

Place of Employment: CUMMIN(S) UNIT PRISON FARM

Address: P.O. BOX 500, GRADY, AR 71644-0500

Name of **Defendant:** CAPTAIN ANGELIKA SMARJESSI PUNITIVE DAMAGE(S) $300,000 COMPENSATORY DAMAGE(S) $300,000

Position: FOOD PREPARATION & SERVICE(S) MANAGER

Place of Employment: CUMMIN(S) UNIT PRISON FARM

Address: P.O. BOX 500, GRADY, AR 71644-0500

II. Are you suing the defendants in:

_____ Official capacity only

_____ Personal capacity only

X Both official and personal capacity

III. Previous Lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes X No ■

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to the Previous lawsuit:

Plaintiffs: SYLVESTER O. BARBEE

Defendants: A. SMARJESSI, A. WEEKLY & M. AUSTIN

2. Court (If federal court, name the district; if state court , name the county): EASTERN

3. Docket Number: 5:13-CV00225

4. Name of Judge to whom case was assigned: BETH DEERE & J. LEON HOLME(S)

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?): DISMISSED WITHOUT PREJUDICE

6. Approximate date of filing lawsuit: JULY 23, 2013

7. Approximate date of disposition: JUNE 24, 2014

IV. Place of present confinement: OUACHITA RIVER CORR. UNIT

V. At the time of the alleged incident(s), were you:
(Check appropriate blank)

____ In jail and still awaiting trial on pending criminal charges

X Serving a sentence as a result of a judgment of conviction

____ In jail for other reasons (e.g., alleged probation violation, etc.)

Explain: ____

VI. The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997 e, requires complete exhaustion of administrative remedies of all claims asserted, prior to the filing of a lawsuit. There is a prisoner grievance procedure in the Arkansas Department of Correction, and in several county jails. Failure to complete the exhaustion process provided as to each of the claims asserted in this complaint may result in the dismissal without prejudice of all the claims raised in this complaint.

A. Did you file a grievance or grievances presenting the facts set forth in this complaint?

Yes X No ________

B. Did you completely exhaust the grievance(s) by appealing to all levels within the grievance procedure?

Yes X No ________

If Not, why? ____________________________________________

____________________________________________

____________________________________________

____________________________________________

VII. Statement of Claim

State here (as briefly as possible) the Facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.) On or About August of 2012 The Ark. Dept. of Health Investi
Gated An Epidemic of Salmonellosis, The Ark. Dept. of Health Collected Stool & Food Sample(s), Then Conducted An Epidemic
logic Investigation That Included Inmate And Staff Interview(s) And A Case Control Study To Identify
ood Item(s) Involved In The OutBreak. There Was A Total of 215 Inmate(s) & 3 Staff Member(s) That Were Interview
ed And Infected By Salmonellosis, Due To Food Preparation & Service(s) Manager Ordering And Recklessly/Deliber
ately Managing Inadequate Food And Condition(s) (Angelika Smartessi). John & or Jane Doe Did Not Adequately
(Inspect & Sanitize)
The Cummin(s) Unit Hen House(s) That Caused, Pursuant To The Ark. Dept. of Health Epidemiologic Investigation, The
ocally Grown Egg(s) To Be Colonized w/ Salmonella That Caused The Outbreak (See Exhibit B-5). Then Thru The
roper Process of Safety & Sanitation, Which Is To Meet State/Federal Code (Equipment); (See Exhibit C-1), Cheri
llis And Jason Boyd Recklessly And or Deliberately Did Not Notify or Document That The Safety & Sanitation
Egg Processor Detected Contamination Within The Process of The Egg(s) That Caused The Epidemic, Which Was
Unsafe And Unsanitary That They Facilitated, Condoned, Approved And or Turned A Blind Eye Too That Violate(s) The
8th And 14th Amend. Right of The Plaintiff. Aundrea Weekly Is The Official Safety & Sanitation Officer (See
Exhibit C-2) And Was Present At The Ark. Dept. of Health Interview And Had Knowledge of Me Contracting Salmone
lla (See Exhibit D) And Was In Contact w/ The Medical Constituent(s) Dr. Moore And Marie Austin, Which
Did Not Provide Adequate Med. Service(s)/No Med. Services Once They Were Aware of The Plaintiff(s) Serious
Medical Need On Or About 8-9-12, Which The Plaintiff Consumed The Poison For 51 or More Day(s) w/ No Med Atten
tion When The Plaintiff Knowingly Had 8 Known Symptom(s) of Salmonellosis (See Exhibit B) And Tested
ositive For Salmonella Twice. There Knowingly Were Inadequate Safety & Sanitation Inspection(s) By Aundrea
Weekly And The Said Official(s), Which Deprive(s) The Plaintiff of A Basic Human Need of Med. Service(s), Adequate
Food, Safety And Sanitation, Which All Official(s) Can Clearly See And Knew Would Cause Me Substantial
Harm To My Body And Conscious Mind [illegible]

VIII. Relief

State briefly exactly what **YOU want the court to do for** YOU. Make **no legal arguments. Cite no cases or statutes.** THE PLAINTIFF IS SEEKING 2.1 MILLION DOLLAR(S) IN COMPENSATORY DAMAGE(S) FOR THE ACTUAL INJURY OF PAIN & SUFFERING FROM THE SALMONELLOSIS SYMPTOM(S) THAT THE SAID OFFICIAL(S) WERE AWARE OF FOR 51 OR MORE DAY(S) THAT THE PLAINTIFF DID NOT RECIEVE ANY MEDICAL ATTENTION FOR, IN WHICH HE IS ENTITLED WHEN BEING HELD AGAINST HIS WILL BY THE STATE. THE PLAINTIFF IS ALSO SEEKING 2.45 MILLION DOLLAR(S) IN PUNITIVE DAMAGE(S) FOR THE SAID OFFICIAL(S) RECKLESS / DELIBERATE INDIFFENCE TO THE PLAINTIFF(S) 14TH & 8TH AMENDMENT RIGHT(S) THAT ARE WELL ESTABLISHED THRU THE UNITED STATE(S) CONSTITUTIONS. MORE OVER, THE PLAINTIFF IS REQUESTING THAT HE BE COMPENSATED ATTORNEY FEE(S) IN THE SUM OF A DAILY ATTORNEY RATE THAT IS TANTAMOUNT TO THE 1/3 PERCENTAGE THAT A PRO SE / BARRED LITIGANT, etc IS ENTITLED TO FOR A SPECIALIST(S) REPRESENTATION.

I declare under penalty of perjury (18 U. S. C. § 1621) that the foregoing is true and correct.

Executed on this 26 day of JUNE, 20 14.

Sylvester O. Barlee

Signature(s) of plaintiff(s)

FOR OFFICE USE ONLY
GRV. # CU-12-02823
Date Received:
GRV. Code #: 600

**UNIT LEVEL GRIEVANCE FORM (Attachment I)**

**Unit/Center** Cummins

**Name** Sylvester O. Barree (EXHIBIT A-1)

**ADC#** 131311 **Brks #** East Buld. South 20 **Job Assignment** N/A

11-6-12 (Date) STEP ONE: Informal Resolution

11-9-12 (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.) If the issue was not resolved during Step One, state why: The Medical Constituency Is Already Aware Of Me Being Poisoned As Well As The Health Dept., Due To Such Insubordinance.

________ (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm; emergency grievances are not for ordinary problems that are not of a serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. If an Emergency, state why: ________

*Is this Grievance concerning Medical or Mental Health Services?* Yes *If yes, circle one:* *(medical) or mental*

**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected. (Please Print): I Have Been Having Consistent Diarrhea With Blood Inside My Stool, Also Suffering From Dehydration, Periodic Excruciating Headaches, Night Sweats, Seeing Greenish Blue Spots And The Lack Of Sleep Due To These Symptoms For The Past Couple Of Months'. The Medical Constituency Had Inform-ed Me That I Have Been Positively Diagnosed With The Food Poisoning Contagion Samonella. I Have Submitted Two Stool Test That Have Come Back Positive And One Blood Test For The Infectious Samonella Since The Beginning Of September, The Health Dept. Has Intervened And Taken Action In Regards Of The Epidemic, Due To The Dispension Of Infected/Contaminated Meat Provided By The A.D.C At Cummins Unit That Is Deadly To The Human Body To Where It Was Publicized State Wide On The News. The Ark. Dept. Of Corr. Has Lawfully Breached The Administrative Directive & Administrative Regulations' On Health And Food Services To No Avail, Which Shows Utterly The Insubordinance Of The Superlative Constituents Of The Ark. Dept. Of Corr. / Cummins Unit. I Never Was Treated For The Contagion, Only Told That It Will Work It's Way Out And That The Poison Will Diminish In Time.

Sylvester O Barree ________ 11-6-12
Inmate Signature ________ Date

***If you are harmed/threatened because of your use of the grievance process, report it immediately to the Warden or designee.***

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**

This form was received on ________ (date), and determined to be **Step One** and/or an Emergency Grievance ________ (Yes or No). This form was forwarded to medical or mental health? ________ (Yes or No). If yes, name of the person in that department receiving this form: [signature] Date 11-8-12

Jimmy A [illegible] | 5306 | [signature] | 11-8-12
**PRINT** STAFF NAME (PROBLEM SOLVER) | ID Number | Staff Signature | Date Received

Describe action taken to resolve complaint, including **dates**: We Have not Received A Sick Call from, with These complaints. Place A Sick Call To Be Seen. [signature] 11/9/12

[signature] 11-9-12 ________ Sylvester O. Barree 11-9-12
Staff Signature & Date Returned ________ Inmate Signature & Date Received

This form was received on 11/9/2012 (date), pursuant to **Step Two**. Is it an Emergency? ________ (Yes or No).

Staff Who Received Step Two Grievance: [signature] Date: 11/9/2012

Action Taken: ________ (Forwarded to Grievance Officer/Warden/Other) Date: 11/9/2012

If forwarded, provide name of person receiving this form: ________ Date: ________

cc: xc: x5

**DISTRIBUTION: YELLOW & PINK** – Inmate Receipts; **BLUE**-Grievance Officer; **ORIGINAL**-Given back to Inmate After Completion of Step One and Step Two

IGTT420
3GH

Attachment IV

(EXHIBIT A-2)

INMATE NAME: Barbee, Sylvester ADC #: 131311C GRIEVANCE #: CU-12-02823

HEALTH SERVICES RESPONSE TO UNIT LEVEL GRIEVANCE

(605) Your 11-9-12 grievance has been received and reviewed as well as your medical record to determine if medically necessary healthcare, as determined by your healthcare providers, has been provided to you. '
You state you were never treated for Salmonella.
Salmonella infections typically resolve by themselves. Antibiotics are not usually necessary unless the infection spreads from your intestines. Many different kinds of illnesses can cause diarrhea, fever, or abdominal cramps. If you are having diarrhea, fever, or abdominal cramps please submit a sick call.
This grievance is without merit.
If your medical condition changes please address any concerns through the sick call process.

Marie Austin

Signature of Health Services Administrator/Mental Health Supervisor or Designee

RECEIVED-DEPUTY DIRECTOR ARKANSAS DEPARTMENT OF CORRECTION DEC 18 2012 HEALTH & CORRECTIONAL PROGRAMS

Marie E Austin — Title

12/06/2012 — Date

**INMATE'S APPEAL**

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the Deputy Director for Health & Correctional Programs along with the Unit Level Grievance Form. Keep in mind that you are appealing the decision to the original grievance. Do not list additional issues which were not part of your original grievance as they will not be addressed. Your appeal statement is limited to what you write in the space provided below.

WHY DO YOU DISAGREE WITH THE RESPONSE GIVEN ABOVE?

I WAS NEVER TO BE EXPOSED, YET ALONE SERVED CONTAMINATED FOOD THAT IS INFECTIOUS, CAUSING ME TO BE INFECTED WITH SAMONELLO. THE EPIDEMIC OF SAMONELLO HAS SHOWN THE INSUBORDINATION OF THE WARDEN(S) THAT DUE TO MY UNLAWFUL ENCOUNTER THEY WILL BE HELD LIABLE FOR SUCH A BREACH IN POLICY.

Sylvester D. Barbee — Inmate Signature

131311 — ADC#

12-10-12 — Date

cc:
xc:
x5



IGTT430
3GD

(EXHIBIT A-3)

Attachment VI

INMATE NAME: Barbee, Sylvester ADC #: 131311 GRIEVANCE#:CU-12-02823

November 6, 2012, you grieved you have suffered from the following symptoms for the last couple of months: consistent diarrhea with blood, dehydration, periodic headaches, night sweats, seeing greenish and blue spots, and lack of sleep due to these symptoms. You claim you were informed you had been positively diagnosed with salmonella and food services is to blame for serving contaminated meat.

The medical department responded, "Salmonella infections typically resolve by themselves. Antibiotics are not usually necessary unless the infection spreads from your intestines. Many different kinds of illnesses can cause diarrhea, fever, or abdominal cramps. If you are having diarrhea, fever, or abdominal cramps please submit a sick call. This grievance is without merit. If your medical condition changes please address any concerns through the sick call process."

You disagree with this response in your December 10 appeal because you were never supposed to be exposed or served contaminated food causing you to become infected with Salmonella.

Any time it is suspected that contaminated food might have been consumed at an ADC facility, the Department of Health is notified. My staff contacted the Department of Health and the testing to determine the source of contamination for August 26 and September 17 when you tested positive has not been completed. However, there are no sick call encounters for you during that timeframe except for September 13, when the nurse counseled you for not taking your Accolate as prescribed. The nurse documenting explaining why the medication was important, and that you replied "I will do better."

There are many different kinds of illness that can cause diarrhea, fever, or abdominal cramps. Salmonella infections usually resolve in 5-7 days and often do not require any treatment other than oral fluids. There is no documentation you made any gastrointestinal complaints until November 13 when you complained of cramps, nausea, and headaches for approximately one month. You were prescribed Ibuprofen three times a day for 3 days and advised to return to sick call if your symptoms persisted or became worse. This appeal is without merit.

Wendy Kelley
Director

2/4/13
Date

cc:
xc:
x5

UNIT I[redacted]

Unit/Center Ouachita River Corr. Unit

Name Sylvester O. Barbee (EXHIBIT A-4)

ADC# 131311 Brks # W. Iso #28 Job Assignment No Duty

FOR OFFICE USE ONLY
GRV # OR 14-00351
Date Received: 4/3/14
GRV. Code #: 501

3-28-14 (Date) STEP ONE: Informal Resolution

3-31-14 (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.) If the issue was not resolved during Step One, state why: The Violation Has Transpired, Due To U.S.D.A. Established Standard(s) & Requirement(s), And Ad. Reg. 600 (D), Also Ad. Reg. 407 As Of 3-25-14.

________ (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm; emergency grievances are not for ordinary problems that are not of a serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. If an Emergency, state why: ________

*Is this Grievance concerning Medical or Mental Health Services?* NO *If yes, circle one: medical or mental*

**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected. (Please Print): Today I Received A Egg Shell Regulatory Inspection Report Thru Legal Mail That Is Dated 3-25-14 From United State(s) Of Agriculture Marketing Service Poultry Program(s) Stating That The Ark. Dept. Of Corr. / Cummins(s) Unit Is The Egg Handler That: U.S.D.A. Represenative Cheri Ellis (Inspector) And One Jason Boyd Of Ark. Dept. Of Corr. Poultry / Swine (Company Represenative) Are To Inspect The Egg Process Room In Compliance With Safety & Sanitation Policie(s) And Procedure(s) (Egg Processor) Developed For Their Duty Area And Are Said To Inspect All Area(s) That They Are Obligated To Under Administrative Reg. 407 (3,4,5, A-1,2,3,4) And Administrative Reg. 600 (I, III, IV, D & E). The Said Employee(s), As Well As Aundrea Weekly Did Not Adequately Inspect Their Assigned Duty Area(s) (Cummin(s) Hen House & Egg Process Room / Equipment), Due To Me Contracting Gastroenteritis Twice. These Document(s) State That These Employee(s) Only Inspected The Poultry As Not Recommended By A.D.C. A.R. (A-4), Showing That Safety & Sanitation Program(s) Were Not Aggressively Pursued And Implemented As Stated In A.R. 407 (4), Pursuant To Inspection Report(s) Of Procurement, Storage And EQUIPMENT That Are To Meet Establish Standard(s) And Requirement(s) Of All Federal And State Code(s) (A.R. 600 (D))

RECEIVED

APR 24 2014

INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

Sylvester O. Barbee — Inmate Signature

3-28-14 — Date

***If you are harmed/threatened because of your use of the grievance process, report it immediately to the Warden or designee.***

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**

This form was received on 3-30-14 (date), and determined to be Step One and/or an Emergency Grievance yes (Yes or No). This form was forwarded to medical or mental health? NO (Yes or No). If yes, name of the person in that department receiving this form: ________ Date ________

Sgt Hathcock — PRINT STAFF NAME (PROBLEM SOLVER)
51566 — ID Number
Sgt Hathcock — Staff Signature
3-30-14 — Date Received

Describe action taken to resolve complaint, including **dates**: Happened at another unit proceed to step 2.

[signature] 3/31/14 — Staff Signature & Date Returned

Sylvester O. Barbee 3-31-14 — Inmate Signature & Date Received

This form was received on ________ (date), pursuant to **Step Two**. Is it an Emergency? ________ (Yes or No).

Staff Who Received Step Two Grievance: ________ Date: ________

Action Taken: ________ (Forwarded to Grievance Officer/Warden/Other) Date: APR 08 2014

If forwarded, provide name of person receiving this form: ________ Date: ________

**DISTRIBUTION: YELLOW & PINK** – Inmate Receipts; **BLUE**-Grievance Officer; **ORIGINAL**-Given back to Inmate After Completion of Step One and Step Two.

IGTT410
3GS

Attachment III

(EXHIBIT A-5)

INMATE NAME: Barbee, Sylvester ADC #: 131311C GRIEVANCE #: OR-14-00351

WARDEN/CENTER SUPERVISOR'S DECISION

Your complaint dated 3-31-14 was reviewed on 4-3-14 in response to your grievance; This complaint did not take place at ORCU; Therefore you should forward your complaint to the proper location.

Signature of Warden/Supervisor or Designee

Title

4-14-14
Date

**INMATE'S APPEAL**

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the appropriate Chief Deputy/Deputy/Assistant Director along with the Unit Level Grievance Form. Keep in mind that you are appealing the decision to the original grievance. Do not list additional issues, which are not part of your original grievance as they will not be addressed. Your appeal statement is limited to what you write in the space provided below.

WHY DO YOU DISAGREE WITH THE ABOVE RESPONSE?
Safety & Sanitation Procedure(s) of Ad. Reg. 407 Are To Be Complied With When The Employee(s) John And or Jane Doe (Inspector(s) of The Cummins Unit Hen House) Are Under Color of State Law, Especially When It Has A Major Affect on A. Smartessi(s) Food Preparation And Service Management That Was Unsafe And Unsanitary w/o Medical Care Being Ensured By Marie Austin or Dr. Moore, As Stated Under Administrative Reg. That The A.D.C. Advocate(s) And Also Are Under Color of State Law. The Safety & Sanitation Program(s) Were Not Aggressively Pursued, Planned or Implemented As Stated In Ad. Reg. 407 (4 & A-4).

Sylvester O. Barbee
Inmate Signature

131311
ADC#

4-14-14
Date

RECEIVED

APR 24 2014

INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

APR 11 2014

IGTT430
3GD

Attachment VI

INMATE NAME: Barbee, Sylvester ADC #: 131311 GRIEVANCE#:OR-14-00351

(EXHIBIT A-6)

**CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION**

I have received your formal grievance appeal dated 04/11/14 in reference to the failure to accurately conduct an eggshell regularity inspection report, which resulted in you contracting gastroenteritis.

After reviewing all supporting documentation, I have determined that this grievance should have been forwarded to the Cummins Unit for a proper response. On 05/23/14, Mr. Farabough, Cummins Farm Manger was interviewed and provided the proper paper work. This matter was adequately addressed in OR-14-00368 and needs no further discussion.

Appeal denied

Director ______ Date 6/6/14

**UNIT L[redacted] FORM (Attachment I)**

FOR OFFICE USE ONLY
GRV # OR14-00368
Date Received. 4-11-14
GRV. Code #: 501

**Unit/Center** O.R.C.U.

**Name** SYLVESTER O. BARBEE (EXHIBIT A-7)

**ADC#** 131311 **Brks #** W.Iso.#28 **Job Assignment** No Duty

4-4-14 (Date) STEP ONE: Informal Resolution

4-11-14 (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.)
If the issue was not resolved during Step One, state why: My Grievance Has Been Disregarded Due To Mr. Quall Stating I Would Have An Answer On April 8th & 10th, But Haven't Recieved An Acknowledgement or Answer Which Violate Ad. Reg. 11 Pg. 4 of 29 #4.

_______ (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm; emergency grievances are not for ordinary problems that are not of a serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. If an Emergency, state why: ____________

*Is this Grievance concerning Medical or Mental Health Services?* NO *If yes, circle one: medical or mental*

**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected. (Please Print): I Sent Out A Grievance Proceeded To Step 2 On 3-31-14 That Stated On 3-28-14 I Recieved An Egg Shell Regulatory Inspection Report Thru Legal Mail That Is Dated 3-25-14 From The U.S.D.A. Marketing Service Poultry Program(s); Stating That The Ark. Dept. Of Corr. / Cummins(s) Unit Is The Egg Handler That U.S.D.A. Representative Cheri Ellis (Inspector) And One Jason Boyd Of Ark. Dept. Of Corr. Poultry/Swine (Company Representative) Are To Inspect The Egg Process Room In Compliance With Safety & Sanitation Policie(s) And Procedure(s) (Egg Processor) Developed For Their Duty Area And Are Said To Inspect Area(s) That They Are Obligated To Under Administrative Reg. 407 (3, 4, 5, A-1, 2, 3, 4) And Administrative Reg. 600 (II, III, IV, D&E). The Said Employee(s); As Well As Anderer Weekly Did Not Adequately Inspect Their Assigned Duty Area(s) (Cummins Hen House & Egg Process Room/Equipment), Due To Me Contracting (2) Type(s) Of Gastroenteritis. These Document(s) State That These Employee(s) Only Inspected The Poultry As Not Recommended By A.D.C. Ad. Reg. 407 (A-4), Showing That Safety & Sanitation Program(s) Were NOT Aggressively Pursued And Implemented As Stated In Ad. Reg. 407 (4, A-4), Pursuant To Inspection Report(s) Of Procurement, Storage And Equipment That Are To Meet Established Standard(s) And Requirement(s) Of All Federal And State Code(s) (Ar. Reg. 600(D)) And I Have Not Recieved An Acknowledgement From The Grievance Office, Which Is Clearly Depriving Me Of Exhausting My 1st Amendment Right.

Sylvester O. Barbee — Inmate Signature
4-4-14 — Date

***If you are harmed/threatened because of your use of the grievance process, report it immediately to the Warden or designee.***

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**

This form was received on 4-5-14 (date), and determined to be Step One and/or an Emergency Grievance _______ (Yes or No). This form was forwarded to medical or mental health? _______ (Yes or No). If yes, name of the person in that department receiving this form: ____________ Date ______

J. Smith — PRINT STAFF NAME (PROBLEM SOLVER)
81331 — ID Number
[signature] — Staff Signature
4-5-14 — Date Received

Describe action taken to resolve complaint, including **dates**: I spoke with Mr. Quall Grievance office and he advised you should have a answer back by 4/10/14.

[signature] 4/8/14 — Staff Signature & Date Returned
Sylvester O. Barbee 4-8-14 — Inmate Signature & Date Received

This form was received on ________ (date), pursuant to Step Two. Is it an Emergency? ______ (Yes or No).
Staff Who Received Step Two Grievance: ____________ Date: ______
Action Taken: ____________ (Forwarded to Grievance Officer/Warden/Other) Date: ______
If forwarded, provide name of person receiving this form: ____________ Date: ______

RECEIVED APR 16 2014 — APR 22 2014 — APR 11 2014 INMATE GRIEVANCE SUPERVISOR ADMINISTRATION BUILDING

**DISTRIBUTION: YELLOW & PINK** – Inmate Receipts; **BLUE**-Grievan[redacted] **ORIGINAL**-Given back to Inmate After Completion of Step One and Step Two.

IGTT410
3GS

Attachment III

( EXHIBIT A-8 )

INMATE NAME: Barbee, Sylvester ADC #: 131311C GRIEVANCE #: OR-14-00368

WARDEN/CENTER SUPERVISOR'S DECISION

Your complaing dated 4-11-14 was reviewed on 4/15/14 in response to your grievance; This complaint has been addressed in grievance OR-14-00351. This complaint did not take place at ORCU.

Signature of Warden/Supervisor or Designee — Title: Warden — Date: 4-17-14

**INMATE'S APPEAL**

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the appropriate Chief Deputy/Deputy/Assistant Director along with the Unit Level Grievance Form. Keep in mind that you are appealing the decision to the original grievance Do not list additional issues, which are not part of your original grievance as they will not be addressed Your appeal statement is limited to what you write in the space provided below.

WHY DO YOU DISAGREE WITH THE ABOVE RESPONSE?

WROTE A GRIEVANCE ON 3-28-14, BUT DID NOT RECIEVE A RESPONSE IN THE ALLOTED TIME FRAME STATED ON PG. 7 OF 29 #(3) DAY(S) OF DIR. 12-16, THEN I PROCEEDED TO STEP #2 (AD. DIR. 12-16 #11 OF PG. 7 OF 29), I FILED STEP #2 ON 3-31-14, THEN WROTE A REQUEST TO MR. ALL ON 4-3-14 AND HE STATED HE WOULD PROVIDE ME WITH AN UPDATED STATUS AND RESPONSE ON 4-8-14, SO THEN I PROCEEDED TO EP #2 ON MY GRIEVANCE DATED 4-4-14 THAT WAS FILED, DUE TO THE NONCOMPLIANCE OF MY FIRST GRIEVANCE (PG. 7 OF 29 #7) 4-11-14 INFORMING MR. QUALL THAT HE HAS BREACHED AD. DIR. 12-16, PG. 9 OF 29 #4 AND PG. 10 OF 29 #7 & 8, WHICH VIOLATE 1ST AND 14TH AMENDMENT OF DUE PROCESS FOR HIS DELIBERATE DEPRIVATION. ALSO, I HAD NOTIFIED MR. QUALL AND HE ATED VIA REQUEST THAT HE WOULD PROVIDE ME WITH A RESPONSE ON 4-8-14, THEN VIA GRIEVANCE DATED 4-4-14 THAT HE STATED LT. CLARK THAT HE WOULD ENSURE ME A ANSWER ON 4-10-14, BUT HE DID NOT.

Sylvester O. Barbee — Inmate Signature
131311 — ADC#
4-21-14 — Date

RECEIVED

APR 22 2014

INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

APR 16 2014
OUACHITA RIVER UNIT

IGTT430
3GD

Attachment VI

INMATE NAME: Barbee, Sylvester ADC #: 131311 GRIEVANCE#:OR-14-00368

(EXHIBIT A-9)

**CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION**

I have received your formal grievance appeal dated 04/11/14 in reference to the failure to accurately conduct an eggshell regularity inspection report, which resulted in you contracting gastroenteritis.

After reviewing all supporting documentation, I have determined that this grievance should have been forwarded to the Cummins Unit for a proper response. On 05/23/14 Mr. Farabough, Cummins Farm Manager, was interviewed and provided the proper paper work. I am unable to substantiate your claims that the Poultry Department failed to accurately conduct inspections. Nor do I find the relevance to gastroenteritis and eggshell regularity inspection. Furthermore, infirmary records reviewed for 05/30/12 through 04/15/13 only indicates one visit to the infirmary complaining of a stomachache.

Therefore, I find no merit in your complaint and your appeal is denied.

[signature]
Director

6/6/14
Date

STATE OF ARKANSAS )
} SS
COUNTY OF )

(EXHIBIT A-10) DATE: 3-23-13

*NOTE: FOR VERIFICATION THE COURT CAN SUPOENA THE CAMERA FOOTAGE OF THIS DAY AND TIME IN 16 BKS.

AFFIDAVIT

I SYLVESTER O. BARBEE, AFTER FIRST BEING DULY SWORN, DO HEREBY SWEAR, DEPOSE AND STATE THAT: AT APPROXIMATELY 3:02 P.M. ON MARCH 23, 2013, NURSE MS. HANDLY STATED TO ME THAT THE ARKANSAS HEALTH DEPARTMENT COMPELLED FOR THE ARK. DEPT. OF CORR.(S) / C.M.S TO SPECIFICLY TEST A NUMBER OF INFECTED INMATES FOR THE CONTAGIOUS BACTERIA "SALMANELLO", WHICH I WAS ONE OF THE MANY THAT WAS GIVEN MULTIPLE TEST THRU STOOL AND DNA THAT KNOWINGLY CAME BACK POSITIVE TWICE THRU MY STOOL SAMPLES. NURSE HANDLY ALSO LAWFULLY STATED THAT THE EPIDEMIC OF SALMANELLO "WAS AN ARKANSAS DEPT. OF HEALTH INVESTIGATION", THUS WITH THESE MERIT(S) OF FACT I SHOULD CONSTITUTIONALLY BE COMPENSATED FOR THE VIOLATION OF MY 8TH AMENDMENT RIGHT FOR THE VALUE OF ANY PART OF MY SKIN, BODY AND OR PHYSICAL STOMACH FUNCTIONING WHICH CANNOT BE REPLACED OR RESTORED ALSO, FOR MY "PAIN AND SUFFERING". NURSE HANDLY CONDUCTED ALL MY LAB TEST, EXCEPT ONE FOR THE RECORD.

I FURTHER SWEAR THAT THE STATEMENTS, MATTERS AND THINGS CONTA-INED ARE TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE, INFO AND BELIEF.

DATE: 3-23-13

AFFIANT: Sylvester O. Barbee

CHARLES OWEN CROFFORD
NOTARY PUBLIC
Commission # 12359802
Commission Expires March 30, 2017
County of Desha

MY COMMISSION EXPIRES: 3-30-2017

SUBSCRIBED AND SWORN TO BEFORE ME, A NOTARY PUBLIC, ON THIS 23 DAY OF March 2013.

NOTARY PUBLIC: [signature]

INMATE SPECIAL INSTRUCTIONS (EXHIBIT A-11)

INMATE'S NAME **BARBEE, Sylvester** ADC# 131311

BARRACKS 06A CELL BUNK 06A-26

SPECIAL INSTRUCTIONS **Unassigned (T)**

8/29/2012

4231

☆ 3 DAYS AFTER I TESTED POSITIVE FOR SALMONELLO WHILE WORKING IN THE KITCHEN. (POSITIVE STOOL TEST)

INMATE SPECIAL INSTRUCTIONS

INMATE'S NAME **BARBEE, Sylvester** ADC# 131311

BARRACKS 06A CELL BUNK 06A-26

SPECIAL INSTRUCTIONS **Inside Lawn**

9/11/2012

4231

☆ 6 DAYS BEFORE I TESTED POSITIVE FOR SALMONELLO FOR THE SECOND TIME. (POSITIVE BLOOD TEST)



## ARKANSAS DEPARTMENT OF HEALTH
## PUBLIC HEALTH LABORATORIES

201 South Monroe
LITTLE ROCK, AR 72205
PHONE: 501-661-2220

(EXHIBIT B-1)

**Visit no:** 1223500000093

**Submitter:** 40G 131311
Cummins Unit
P.O. Box 500
Hwy 61 & Hwy 388
Grady, AR 71644-

**Patient Name:** BARBEE, SLYVESTER
**Date of Birth:** 10/31/1979
**Sex:** Unknown
**Race:** Unknown

**Purpose:** Diagnostic
**Specimen:** Feces/stool
**Date Collected:** 08/26/2012
**Date Received:** 08/27/2012
**Requestor:** Moore

**Test Group:** ENTERIC

**Test: ENTERIC - Salmonella**

| Result | Result Date |
|---|---|
| Biochemically confirmed as Salmonella | 08/30/2012 |

**Test: ENTERIC - SalmonellaSerotype**

| Result | Result Date |
|---|---|
| Salmonella anatum I 3 , 15 : e , h : 1 , 6 | 09/04/2012 |

**Approved by:** ESANJUAN **Date Approved:** 09/10/2012



For information regarding reference intervals or normal values see TEST MENU at www.phl.arkansas.gov CLIA#: 04D1044168

Date Printed: 10/3/2013 10:08



# ARKANSAS DEPARTMENT OF HEALTH
## PUBLIC HEALTH LABORATORIES

201 South Monroe
LITTLE ROCK, AR 72205
PHONE: 501-661-2220

(EXHIBIT B-2)

**Visit no:** 1225400000626

**Submitter:** 40G 131311
Cummins Unit
P.O. Box 500
Hwy 61 & Hwy 388
Grady, AR 71644-

**Patient Name:** BARBEE, SLYVESTER
**Date of Birth:** 10/31/1979
**Sex:** Male
**Race:** Black

**Purpose:** Diagnostic
**Specimen:** Feces/stool
**Date Collected:** 09/17/2012
**Date Received:** 09/17/2012
**Requestor:** Dr. Moore

**Test Group:** ENTERIC

**Test: ENTERIC - Salmonella**

| Result | Result Date |
|---|---|
| Biochemically confirmed as Salmonella | 09/20/2012 |

**Test: ENTERIC - SalmonellaSerotype**

| Result | Result Date |
|---|---|
| Salmonella Cerro I 18 : z4, z23 : - | 09/28/2012 |

**Approved by:** ESANJUAN **Date Approved:** 10/04/2012

For information regarding reference intervals or normal values see TEST MENU at www.phl.arkansas.gov CLIA#: 04D1044168

Date Printed: 10/3/2013 10:10

**Cummins Prison Foodborne Disease Outbreak Questionnaire**

Interviewer name: MB

(EXHIBIT B-3)

**Part I. Demographics:**

Last Name Barbie First Name Sylvester Date of Birth: 10 / 31 / 79

Age: 32 Sex M (M/F)

Barracks: 6 A Cell#: ______ Bed# 26 In Isolation: Yes / (No)

What work do you perform at Cummins? Kitchen This month, have you worked in the kitchen? (Yes) / No
dish room, pots, pans – not a food handler

As part of your work do you have contact with animals? Yes/(No)

If yes, specify: ______

**Part II. Clinical information**

Did you have any symptoms of illness since August 7 ? (Yes) / No

*(August 7 was a Tuesday, and August 15 was the Wednesday before last.)*

What day did your symptoms begin: Thursday 8-9-12 ___/___/___ (example: Saturday was 8/11/12)

*Please circle when you began feeling sick:*

| | | | |
|---|---|---|---|
| 1 AM | 7 AM | 1 PM | 7 PM |
| 2 | 8 | 2 | 8 |
| 3 | 9 | 3 | 9 |
| 4 | 10 | 4 | 10 |
| 5 | 11 | 5 | 11 |
| 6 AM | (12 Noon) | 6 PM | 12 Midnight |

**Did you have:**

| | | | |
|---|---|---|---|
| Nausea | (Yes) | No | |
| Vomiting | Yes | (No) | If yes, what is the largest number of episodes you had in a 24 hour period ? ______ |
| Diarrhea (3 or more stools in 24 hours) | (Yes) | No | If yes, what is the largest number of stools you had in a 24 hour period? 7 |
| Bloody diarrhea | Yes | (No) | |
| Abdominal cramps | (Yes) | No | |
| Fever | Yes | (No) | Highest temperature, if measured: ______ |
| Chills | (Yes) | No | |
| Headache | (Yes) | No | |
| Body aches | (Yes) | No | |
| Fatigue /tiredness | (Yes) | No | |
| Dizziness | (Yes) | No | |

If other, please specify: ______

Have your symptoms stopped? Yes /(No) (50, 50) improving

If yes, when did your symptoms end? Date: 8 /___/ 2012 Time___:___ AM / PM

Did you seek medical care or go to sick call? Yes /(No) When? Date: 8 /___/ 2012 Time: ___:___ AM / PM

Did you receive intravenous (IV) fluids? Yes /(No) Did you provide a stool sample? Yes /(No)

Did you receive any medications? Yes /(No) If yes, specify: ______

**Part III. Food:**

What time do you typically eat? Breakfast 3:45 AM Lunch 10:30 AM Dinner: 3:00 PM

Please place an X next to any food item you ate on any of these days: (EXHIBIT B-4)

| Tuesday, August 7th | |
|---|---|
| | |
| Breakfast | |
| Grapefruit Juice | X |
| Grits | |
| Biscuits | X |
| Milk Gravy | X |
| Scrambled Eggs | X |
| Frank | X |
| Milk | |
| Coffee | |
| | |
| Lunch | |
| Bologna sandwich | |
| Salisbury Steak | X |
| Vegetarian Beans | X |
| Noodles | |
| Tomatoes | X |
| Green Beans | X |
| Rolls | X |
| Apple Sauce | X |
| Tea | |
| Water | X |
| | |
| Dinner | |
| Chicken Spaghetti | X |
| Vegetarian Beans | X |
| Tomatoes | X |
| Green Beans | X |
| Sliced Bread | |
| Apples | X |
| Tea | |
| Water | X |

| Wednesday, August 8th | |
|---|---|
| | |
| Breakfast | |
| Apple Juice | |
| Oatmeal | |
| Biscuits | |
| Milk Gravy | |
| Scrambled Eggs | |
| Sausage | |
| Milk | |
| Coffee | |
| | |
| Lunch | |
| Bologna sandwich | X |
| Ala King | |
| Noodles | |
| Beets | |
| Green Beans | X |
| Rolls | X |
| Apple Sauce | X |
| Tea | |
| Water | X |
| | |
| Dinner | |
| Baked Chicken | X |
| Pinto Beans | X |
| Vegetarian Beans | X |
| Beets | |
| Green Beans | X |
| Sliced Bread | |
| Apples | X |
| Tea | |
| Water | X |

| Thursday, August 9th | |
|---|---|
| | |
| Breakfast | |
| Orange Juice | X |
| Grits | |
| Biscuits | X |
| Milk Gravy | X |
| Fried Eggs | X |
| Sausage | X |
| Milk | |
| Coffee | |
| | |
| Lunch | |
| Bologna sandwich | X |
| Meat Ball Sub | X |
| Vegetarian Beans | X |
| Corn on the Cob | X |
| Tomatoes | X |
| Squash | |
| Bun | |
| Pineapple | X |
| Tea | |
| Water | X |
| | |
| Dinner | |
| Oven Fried Turkey Roll | X |
| Great Northern Beans | X |
| Vegetarian Beans | X |
| Greens | |
| Turnips | |
| Corn Bread | X |
| Oatmeal Cookie | X |
| Tea | |
| Water | X |

| Friday, August 10th | |
|---|---|
| | |
| Breakfast | |
| Grapefruit Juice | X |
| Oatmeal | X |
| Milk Gravy | X |
| Scrambled Eggs | X |
| Sausage | X |
| Biscuits | X |
| Milk | |
| Coffee | |
| Jelly | X |
| | |
| Lunch | |
| Bologna sandwich | |
| Pepper Steak | X |
| Vegetarian Beans | X |
| Mashed Potatoes | X |
| Greens | |
| Turnips | |
| Corn Bread | X |
| Apple Sauce | X |
| Milk | |
| Water | X |
| | |
| Dinner | |
| Chicken Salad | X |
| Pinto Beans | X |
| Vegetarian Beans | X |
| Corn on the Cob | X |
| Tomatoes | X |
| Sliced Bread | |
| Pears | X |
| Milk | |
| Water | X |

| Saturday, August 11th | |
|---|---|
| | |
| Breakfast | |
| Apple Juice | X |
| Grits | |
| Hot Cakes | X |
| Sausage | X |
| Syrup | X |
| Milk | |
| Coffee | |
| | |
| | |
| Lunch | |
| Bologna sandwich | |
| Meatloaf | X |
| Vegetarian Beans | X |
| Mashed Potatoes | X |
| Gravy | X |
| Cabbage | |
| Squash | |
| Rolls | |
| Pineapple | X |
| Tea | |
| | |
| Dinner | |
| Baked Chicken | X |
| Great Northern Beans | X |
| Vegetarian Beans | X |
| Corn on the Cob | |
| Squash | |
| Sliced Bread | |
| Apples | X |
| Tea | |
| | |

Did you eat or drink any food not provided by the cafeteria? Yes / **No**

If yes, specify: ______

Did you eat any leftover food from previous days? Yes / **No**

If yes, specify: ______

Did you prepare any food in your barracks (e.g. "spread")? Yes / **No**

If yes, specify: ______

Do you have any food allergies? Yes / **No**

If yes, specify: ______

Are there any foods that you do not eat? **Yes** / No

If yes, specify: TURNIPS, CARROTS, CABBAGE, BEETS

**Part IV. Medical History:**

Do you have any chronic medical conditions? **Yes** / No

Do you have any of the following?

- Atherosclerosis or coronary artery disease? Yes / **No**
- Any immunocompromising condition (e.g. HIV)? Yes / **No**
- Any prosthetic devices or vascular grafts? Yes / **No**
- Hemoglobinopathy (e.g. sickle cell disease)? Yes / **No**

**Part V. Notes:** *(Add any comments not specifically asked on questionnaire)*

______

______

MEMO

TO: Ed Armstrong

(EXHIBIT B-5)

FROM: Jan Scussel

RE: Cummins Unit Salmonella Outbreak, August 2012

Date: October 25, 2013

Question: What was the underlying or likely cause of the Salmonella outbreak at the Cummins Unit on or about August 13, 2012?

Answer: The Arkansas Department Health investigated an outbreak of Salmonellosis at the Cummins Unit during August of 2012. ADH collected stool and food samples for microbiological analysis and conducted an epidemiologic investigation that included inmate and staff interviews and a case-control study to identify food items involved in the outbreak.

A total of 485 individual (440 inmates and 45 staff) were interviewed. Two hundred fifteen (215) inmates reported diarrhea and/or had Salmonella confirmed in stool analysis. Seven Three (3) staff members interviewed reported diarrhea.

Laboratory reports confirm at least five (5) serotypes of Salmonella in inmate stools. Additionally two Salmonella strains were isolated from eggs collected from the Cummins unit henhouses. These results indicate locally grown eggs colonized with Salmonella were, at least in part, a cause of the outbreak. Several food items were served in the cafeteria involved. Furthermore, person-to-person transmission likely accounted for many of the cases. An environmental health investigation revealed areas for improvement in food handling and preparation and food safety training for kitchen workers was initiated.







(EXHIBIT B-6)

# SALMONELLOSIS FACT SHEET



**What is salmonellosis?**

Salmonellosis is a bacterial infection that usually affects the intestines and occasionally the bloodstream. It is one of the more common causes of gastroenteritis with several hundred cases occurring in Arkansas each year. Most cases occur in the summer months and are seen as single cases, clusters, or outbreaks.

**Who gets salmonellosis?**

Any person can get salmonellosis, but it is recognized more often in infants and children.

**How are Salmonella bacteria spread?**

Salmonella bacteria are spread by eating or drinking contaminated food or water or by contact with infected people or animals.

**What are the symptoms of salmonellosis?**

People exposed to the Salmonella bacteria may have diarrhea, cramping, fever, nausea, vomiting, and headache. Some people may have very mild or no symptoms, but some infections can be quite serious, especially in the very young or elderly.



**How soon after exposure do symptoms appear?**

The symptoms generally appear 12 to 36 hours after exposure.

**Where are Salmonella bacteria found?**



Salmonella are found in many places in our food chain and environment. The bacteria often contaminate raw meats, eggs, unpasteurized milk, and cheese products. Other sources may include contact with infected pet turtles, pet chicks, dogs, cats, and farm animals.

**For how long can an infected person carry the Salmonella?**



A person can carry the bacteria from several days to months. Infants and people who have been treated with oral antibiotics tend to carry the bacteria longer than others.

ORCU Legal Use Only

1 OF 1

EXHIBIT C-1

ADMINISTRATIVE REGULATION 600

FOOD SERVICE & FARM PROGRAMS

(I) AUTHORITY: THE AUTHORITY TO PROMULGATE THIS ADMINISTRATIVE REGULATION IS VESTED IN ACT 50 OF 1968.

SAME ★ (II) PURPOSE: TO ENSURE INMATES ARE PROVIDED TASTEFUL AND NUTRICIOUS MEALS WHILE OBSERVING RECOMMENDED DIETARY ALLOWANCES AND BASIC SAFETY AND SANITATION REQUIREMENTS FOR FOOD SERVICE PROGRAMS.

BOTH ★ (III) APPLICABILITY: TO ALL EMPLOYEES IN FOOD SERVICE, EMPLOYEES INVOLVED IN DIRECTION AND SUPERVISION OF THE FOOD SERVICE PROGRAM; EMPLOYEES INVOLVED AND ASSOCIATED WITH THOSE DEPT.(S) INVOLVED IN THE PROCUREMENT, STORAGE, PREPARATION AND UTILIZATION OF FOOD SERVICE SUPPLIES AND SERVICE OF FOOD.

SAME ★ (IV) POLICY: IT SHALL BE THE POLICY OF THE DEPT. OF CORR. TO ESTABLISH FOOD STANDARDS FOR FOOD SERVICE PROVIDED TO THE INMATE POPULATION AND TO OBSERVE ACCEPTABLE STANDARDS OF FOOD PREPARATION, STORAGE, SANITATION, SAFETY AND PHYSICAL HYGIENE.

(V) PROCEDURES:

(A) MENU PLANNING; FOOD SERVICE STAFF AND THE DIETICIAN SHALL PLAN MENUS IN ADVANCE AND SUBSTANTIALLY FOLLOW THE PLAN. PLANNING AND PREPARATION OF ALL MEALS SHALL TAKE INTO CONSIDERATION FOOD FLAVOR, TEXTURE, APPEARANCE, PALATABILITY AND REQUIRED DIETARY ALLOWANCES. MASTER MENUS SHALL BE DEVELOPED AND/OR REVIEWED BY A DIETICIAN.

★ (B) FOOD SERVICE MANAGEMENT; FOOD SERVICE OPERATIONS ARE SUPERVISED BY A FULL TIME STAFF MEMBER WHO IS EXPERIENCED IN FOOD SERVICE MANAGEMENT.]

(C) DIETARY ALLOWANCES; DOCUMENTATION THAT A QUALIFIED DIETICIAN HAS REVIEWED DIETARY ALLOWANCES AT LEAST ON AN ANNUAL BASIS TO ENSURE MEALS MEET THE NATIONALLY RECOMMENDED ALLOWANCES FOR BASIC NUTRITION.

SAME ★ (D) FOOD PREPARATION, STORAGE AND SANITATION; FOOD SERVICES FACILITY(S) AND EQUIPMENT SHALL MEET ESTABLISHED STANDARDS AND REQUIREMENTS OF ALL FEDERAL AND STATE CODES.

(E) STANDARD OPERATING PROCEDURES; OTHER ISSUES WILL BE COVERED BY APPROPRIATE ADMINISTRATIVE DIRECTIVES/MEMORANDA ISSUED BY THE DIRECTOR, DEPUTY DIRECTOR OF OPERATIONS AND OR ADMINISTRATOR OF FOOD SERVICES.



ORCU Legal Use Only

ORCU Legal Use Only

EXHIBIT C-2 1 OF 2

ADMINISTRATIVE REGULATION 407

SAFETY & SANITATION

(1) AUTHORITY - THE BOARD OF CORR. AND COMMUNITY PUNISHMENT IS VESTED WITH THE AUTHORITY TO PROMULGATE ADMINISTRATIVE REGULATION BY ACT OF 50 OF 1968, EXTRAORDINARY SESSION AS AMENDED; ACTS 548 & 549 OF 1993, REG. SESS. (ARK. CODE ANN. 16-93-1203 & 12-27-105) (1993).

★ (2) PURPOSE - TO PROVIDE THE DEPT. WITH A PROCEDURE FOR SAFETY & SANITATION.

★ (3) APPLICABILITY - TO ALL EMPLOYEES AND OFFENDERS RESPONSIBLE FOR MAINTAINING SAFETY & SANITATION PROCEDURES AT THE FACILITY.

BOTH ★ (4) POLICY - TO ENSURE THAT SAFETY & SANITATION PROGRAMS ARE WELL PLANNED, AGGRESSIVELY PURSUED AND CONTINUALLY SUPERVISED.

★ (5) PROCEDURES - PROMOTING FACILITY SAFETY & SANITATION IS THE RESPONSIBILITY OF EVERY OFFENDER AND EMPLOYEE.

WEEKLY ★ (A) THE ASSISTANT WARDEN / ASSISTANT CENTER SUPERVISOR OR EQUIVALENT ASSIGNED DESIGNEE IN CHARGE OF OPERATIONS AT EACH FACILITY WILL BE DESIGNATED AS THE SAFETY & SANITATION OFFICER. HE / SHE IS RESPONSIBLE FOR THE PLANNING, IMPLEMENTING AND SUPERVISING SPECIFIC SAFETY & SANITATION POLICY AND PROCEDURE.

SAFETY & SANITATION OFFICER WILL: (1) DEVELOP SPECIFIC SAFETY & SANITATION PLANS FOR EACH AREA OF THE FACILITY, WITH RECOMMENDATIONS MADE BY SUPERVISORS AND DEPT. HEADS OF THE WORK AREAS WITHIN THE FACILITY.

SMAR ★ (2) ENSURE THE POST ORDERS AND JOB DESCRIPTIONS FOR AREA AND LINE SUPERVISORS TO SUBMIT TO THEIR RESPONSIBILITY FOR COMPLIANCE WITH SAFETY & SANITATION POLICIES DEVELOPED FOR THEIR DUTY AREA.

★ (3) DEVELOP FORMAL INSPECTION REPORTS FOR AREA AND LINE SUPERVISORS TO SUBMIT TO THE SAFETY & SANITATION OFFICER ON THEIR AREA COMPLIANCE WITH SAFETY & SANITATION POLICIES AND PROCEDURES.

★ (4) INSPECT ALL AREAS OF THE FACILITIES ON A NON-SCHEDULED, ROTATING BASIS AT LEAST MONTHLY. WRITTEN REPORT ON HIS / HER FINDINGS, INCLUDING SUGGESTIONS FOR SAFETY & SANITATIONS POLICY CHANGES OR EQUIPMENT REQUIREMENTS WILL BE SUBMITTED TO THE UNIT WARDEN / CENTER SUPERVISOR.



ORCU Legal Use Only

2 OF 2
(EX. C-2)

★ (5) Providing Training And Guidance To Area Supervisors And Individuals In Implementation Of Safety & Sanitation Policies And Procedures, Inspections And Use Of Safety Equipment.

(6) Ensure The Adequate Heat And Ventilation Suitable To The Seasons Are Provided.

(7) Provide A Program Using Dept. And Or Outside Sources For Pest And Rodents Control.

SMAR ★ (B) Administrative Staff Will Inspect The Sanitation Of Living Quarters, Segregation Units, Isolation And Food Services Area(s) Weekley. Administrative Staff Will Submit A Report Of His / Her Findings To The Safety & Sanitation Officer.

Both ★ (C) An Area Supervisor's Failure To Ensure That Safety & Sanitation Policies And Procedures Are Implemented And Enforced In His / Her Area Of Responsibility Is Grounds For Displinary Action (VI) A.C.A. Standards.

[redacted]

1 OF 3

ORCU Legal Use Only

EXHIBIT C-3

Administrative Regulation 833

Health Services

Board Approval Date: 3-30-90; Supersedes: 809, 824, 842, 855; Effective Date: 4-2-90

(I) Authority: The Board Of Correction Is Vested With The Authority To Promulgate This Ad-ministrative Regulation By Act 50 Of 1968 As Amended.

(II) Purpose: This Administrative Regulation Establishes The Mission, Components, Adher-ences To Appropriate Standards And Review Mechanisms For The Provision Of Health Care Services In The Dept.

★ (III) The Administrative Regulation Applies To All Providers Of Health Care To Inmates, It Also Applies To Administrators And Staff Making Referals And Affected By Recommen-dations Of Health Care Providers.

(IV) Definition: (A) "Health Care" Refers To The Variety Of Goods, Services, Personnel And Procedures Involved In Providing The Full Range Of Prevention, Evaluation And Treatment Of Dental, Medical & Mental Disorders.

★ (B) "Provider" Refers To Any Health Care Organization, Administrator, Professional, Para Prof-essionals Or Members Of Support Staff, Whether Employed By The Dept. Under Contract To The Dept. Or Paid On A Fee-For-Service Basis, Providing Health Care Services To Inmate.(s)

★ (C) "Accessible" Has A Range Of Meanings Depending On The Acuteness And Seriousness Of The Health Disorder, But Generally Means That An Inmate Will Be Placed In Contact With Health Care Staff Qualified To Evaluate And Or Treat The Presenting Complaint With-out Undue Delay.

★ (D) "Reasonable And Necessary" Means That Any Treatable Problem Which Significantly Impairs The Functioning Of The Individual And Or Presents A Risk Of Contagion To Others And Or Which Is Likely To Worsen Or Cause Unnecessary Suffering Without Treatment. Will Be Evaluated And Treated According To The Current Community & Professional Standards And Practices Of Health Care.

A-3 Austin

★ (V) Policy: It Shall Be The Policy Of The Dept. To Provide Health Care Services Accessible To All Inmates Which At A Minimum, Meet Reasonable And Necessary Health Care Needs.

(VI) (A) Each Service Shall Be Administered From Within The Dept. Of Corr. In Such A Way As To Insure Proper Care Of Inmates, Effective Working Relations With [redacted] Other Divisions And Staff, Program Consistency With The Mission And Methods Of The Dept.

ORCU Legal Use Only



(B) EACH ADMINISTRATIVELY SEPERATE HEALTH CARE SERVICES SHALL ESTABLISH POLICY AND PROCEDURES CONSISTENT WITH APPLICABLE STANDARDS REGULATING THE PROFESSIONAL PRACT-ICES OF THAT SERVICE.

(C) EACH SERVICE SHALL ESTABLISH A STAFFING PATTERN, WHETHER BASED ON FUNDED POSITI-ONS, CONTRACT, OR FEE-FOR-SERVICE, THAT ENSURES AN ADEQUATE NUMBER OF STAFF TO MAKE SERVICES READILY AVAILABLE AND PROPER CREDENTIALING TO ENSURE QUALITY OF CARE.

(D) EACH SERVICE SHALL ENSURE THAT ALL INMATES ENTERING THE DEPT. ARE SCREENED, THEIR HEALTH STATUS DOCUMENTED AND THAT REFERALS FOR TREATMENT ARE MADE PROMPTLY WHEN SERIOUS NEEDS EXIST.

(E) EACH SERVICE SHALL ESTABLISH PROCEDURES FOR INMATE ACCESS TO NECESSARY SERVICES THAT ARE NOT PROVIDED WITHIN THE CONFINES OF THE DEPT. WHEN TRANSFERED TO ANOTHER FACILITY IS REQUIRED, PROCEDURE MUST ADDRESS MY IMPACT ON LIBERTY INTEREST AND OR STIGMATIZATIONS.

★ (F) EACH SERVICE SHALL HAVE POLICY AND SUPPORTING DOCUMENTATION ADDRESSING ISSUES OF INFORMED CONSENT ABOUT PROCEDURES THE PRINCIPLE OF LEAST RESTRICTIVE OR INTRUSIVE TREATMENT AND THE RIGHT TO REFUSE TREATMENT.

(G) EACH SERVICE SHALL KEEP PROPER RECORDS OF HEALTH NEEDS AND SERVICE DELIVERY. PROCED-URES WILL BE WRITTEN FOR SAFE GUARD CONFIDENTIALITY AND FOR INFORMED CONSENT FOR RELEASE OF INFORMATIONS.

(H) EACH SERVICE SHALL HAVE A MECHANISM FOR HANDLING REQUEST AND GRIEVANCES IN SUCH A MANNER AS TO ASSURE PROMPT ATTENTION TO NEEDS AND RAPID RESOLUTIONS OF PROB-LEMS.

(I) EACH SERVICE SHALL HAVE FORMAL LINES OF COMMUNICATION WITH THE WARDEN / CENTER SUPERVISOR TO ENSURE PROPER NOTIFICATIONS CONCERNING HEALTH NEEDS, HEALTH CARE RECO-MMENDATIONS AND INCIDENTS RELATING TO HEALTH CARE SERVICES. THIS LINE OF COMMU-NICATION SHALL ALSO PROVIDE FOR REGULAR MEETINGS TO RESOLVE PROBLEMS AND CONFLICTS.

(J) MEDICAL SERVICES SHALL HAVE PROCEDURES FOR DEALING WITH THE SPECIAL NEED INMATES, SUCH AS THE AGED, CHRONICALLY ILL, AND THOSE HAVING SEVERELY LIMITED PRECEPTUAL OR MOTOR ABILITIES.

★ (L) EACH SERVICE SHALL ESTABLISH SOME MECHANISMS OF QUALITY REVIEW AND OR CERTIFICATIONS TO ENSURE THAT THE SERVICE IS ADEQUATELY PROVIDING FOR THE NEEDS OF THE INMATE POPULATIONS.

★ (M) EACH SERVICE SHALL PROVIDE FOR TRAINING OF STAFF AND INMATES IN DISEASE PROPHYLAXIS, RECOGNITIONS OF PROBLEMS, RESPONSE TO EMERGENCY HEALTH PROGRAMS AND HEALTH CARE PROBLEMS.

(VII) "STANDARDS FOR HEALTH SERVICES IN PRISON", "NATIONAL COMMUNICATION ON CORRECTIONAL HEALTH CARE, 1987." "CERTIFICATION STANDARDS FOR HEALTH CARE PROGRAMS", AMERICAN CORRECTIONAL ASSOCIATION, 1989. ACT 507 OF 1981, 12-29-405 (REFERENCES)

ORCU Legal Use Only

1 OF 1

EXHIBIT C-4

ADMINISTRATIVE DIRECTIVE 5-21

SANITATION INSPECTIONS, WATER SUPPLY TESTING, WASTE DISPOSAL & HOUSE KEEPING

* APPLICABILITY: INSTITUTIONAL STAFF; REFERENCE: JAR 407-SAFETY & SANITATION
APPROVED: ORIGINAL SIGNED BY DIRECTOR LARRY NORRIS; EFFEC. DATE 9-7-05

* (I) POLICY: IT IS THE POLICY OF THE ARK. DEPT. OF CORR. TO PROVIDE A MEANS TO REGULARLY MONITOR THE ENVIORNMENT HEALTH PROGRAMS ESPECIALLY RELATED TO SANITATION INSPECTIONS, WATER SUPPLY TESTING, WASTE DISPOSAL & HOUSE KEEPING.

(II) PROCEDURES: EACH FACILITY WILL BE RESPONSIBLE FOR THE FOLLOWING:

(1)
AN EMPLOYEE WHO SERVES AS COORDINATOR OF THE SANITATION INSPECTION PROGRAM

(2)
A WRITTEN HOUSE KEEPING PLAN FOR EACH HOUSING UNIT AND DEPARTMENT

(3)
ANNUAL INSPECTIONS BY OUTSIDE AUDITORS

(4)
AN EVALUATION OF THE WATER SUPPLY TO ENSURE COMPLIANCE WITH JURISDICTIONAL LAWS AND REGULATIONS. THIS EVALUATION SHOULD COVER SOLID WASTE DISPOSAL PRACTICES AND SEWAGE DISPOSAL.

ORCU Legal Use Only

ORCU Legal Use Only

(EXHIBIT D-1)

STATE OF ARKANSAS
COUNTY OF

No: 5:13 Cv 00225-JLH-BD

AFFIDAVIT

I Perry Wright 84439, After First Being Duly Sworn, Do Hereby Swear Depose And State That: I worked out at Chicken House 1 thru 3 at Cummins' Unit for 14 Month(s) All the Chicken House(s) were unsanitary. The Chicken(s) were contaminated with Boil(s) and over crowded to where 50 Chicken(s) or more die every day from the Staph Infection, due Fece(s) contamination, in cages built for only 3 chicken pursuant to U.S.D.A. Policy, but the constituent over operation(s) compelled for 6 to 7 in each cage. Snake(s) lived within the pond of Fece(s) where chicken egg(s) and chicken(s) were exposed to the liquidation of fece(s) in each hen house. All egg(s) are taken to the egg processor in the process room about 200 ft. from the hen house(s) on the compound built to detect contaminated egg(s) and a count on all egg(s) also anybody can smell the horrible stench from the henhouse, due to the stagnation of liquidized fece(s).

I Further Swear That The Statement(s), Matter(s) And Thing(s) Contained Herein Are True And Accurate To The Best Of My Knowledge, Information And Belief.

Date: 2-26-14

Affiant: Perry Wright

Subscribed And Sworn To Before Me, A Notary Public, On This 26 Day Of February, 2014.

OFFICIAL SEAL
CHARLES COUCH
No. 12384738
HOT SPRINGS COUNTY
My Commission Expires 10/14/2024
NOTARY ARKANSAS PUBLIC

Notary Public: [signature]

My Commission Expire(s): 10-14-2024

ORCU Legal Use Only

Pg. 3 of 3

03/25/14 01:34PM USDA AMS POULTRY DIV. GRADING BRANCH 5012219879 p.02

(EXHIBIT D-2)

U.S. DEPARTMENT OF AGRICULTURE
AGRICULTURAL MARKETING SERVICE
POULTRY PROGRAMS

# SHELL EGG REGULATORY INSPECTION REPORT

FORM APPROVED - OMB NO. 0581-0113

1. NAME OF EGG HANDLER: Arkansas Dept of
2. STATE CODE: 05
3. COUNTY CODE: 079
4. HANDLER CODE: 0383
5. DATE: 9/27/12
6. PAGE: 1

7. ADDRESS (Include Street, City, State, and Zip Code): PO Box 500 Grady Ar.

8. TYPE OF VISIT (Check one): [X] Initial (Regular) [ ] Release [ ] Makeup [ ] Followup [ ] Other (explain in comments)

9. NATURE OF BUSINESS (Mark appropriate box): [X] Producer/Packer with more than 3,000 layers [ ] Inedible Collection/Processing [ ] Grading Station [ ] Hatchery [ ] Cooked Eggs [ ] Breaker

10. [ ] This form reports a change in registration information (explain in comments)

11. Is record keeping satisfactory? [ ] YES [X] NO (explain in comments) [ ] N/A

12. Is a followup visit necessary? [ ] YES [X] NO

DESCRIPTION OF RETAINED PRODUCT

| NO. | QUANTITY (dz.) | GRADE CODE | SIZE CODE | CHECKS (%) | LEAKERS (%) | DIRTIES (%) | LOSS 1 TYPE | LOSS 1 (%) | LOSS 2 TYPE | LOSS 2 (%) | MISLABELED Restricted | MISLABELED Temp (°F) | TAG OR LOT NUMBER | USDA IDENTIFIED | REMARKS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | | | | | | |
| 2 | | | | | | | | | | | | | | | |
| 3 | | | | | | | | | | | | | | | |
| 4 | | | | | | | | | | | | | | | |
| 5 | | | | | | | | | | | | | | | |
| TOTAL | | | | | | | | | | | | | | | |

INEDIBLE PRODUCT — QUANTITY (lbs): — TYPE OF CONTAINER: — TAG NUMBER:

RELEASE OF RETAINED PRODUCT

| | TAG OR LOT NUMBER | QUANTITY (dz or lbs) | DISPOSITION CODE | REMARKS |
|---|---|---|---|---|
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |

COMMENTS:

AVERAGE AMBIENT AIR TEMPERATURE

| Cooler No. | Temp(°F) | Cooler No. | Temp(°F) |
|---|---|---|---|
| 1 | 44.0 | | |
| | | | |
| | | | |

PRODUCT INVENTORY (Dozen)

| Size | Dozen |
|---|---|
| J | |
| XL | |
| L | |
| M | 36 |
| S | |
| PW | |
| U | 1050 |
| Rest. | 4 |

USDA REPRESENTATION

TYPED OR PRINTED NAME OF INSPECTOR: Cheri Ellis
SIGNATURE OF INSPECTOR: Cheri Ellis
LICENSE NUMBER: E-14439
DUTY: SI

PARTICIPANTS

| LICENSE NUMBER | DUTY | LICENSE NUMBER | DUTY | LICENSE NUMBER | DUTY |
|---|---|---|---|---|---|
| | | | | | |

COMPANY REPRESENTATIVE

DATE: 9/27/12
TITLE: Poultry/Barns Supervisor
TYPED OR PRINTED NAME: Jim Boyd
SIGNATURE: J Boyd

PY-156 (05/09) (Destroy previous editions.)

(See reverse of form for Privacy Act Statement.)

L. MEAT, FISH, AND POULTRY No. 151(1)

(EXHIBIT D-3)

PG. 1 OF 2

# CHICKEN SALAD

YIELD: 100 Portions — EACH PORTION: 1 Cup

| INGREDIENTS | WEIGHTS | MEASURES | | METHOD |
|---|---|---|---|---|
| Chicken, broiler-fryer, whole, thawed | 50 lb | | | 1. Wash chicken thoroughly, inside and out, under cold running water. Drain well. |
| Water | | 9½ gal | | 2. Place chicken in stock pot or steam-jacketed kettle; add water, salt, bay leaves, and monosodium glutamate. Bring to a boil, reduce heat; simmer 2 hours or until tender. |
| Salt | 7 oz | ⅔ cup | | 3. Remove chicken. Remove meat from bones; cut into ½ to 1-inch pieces. Cover; place in refrigerator to chill. |
| Bay leaves | | 9 leaves | | |
| Monosodium glutamate (optional) | | 9 tbsp | | |

(OVER)

(EX. D-3)
PG. 2 OF 2

| INGREDIENTS | WEIGHTS | MEASURES | | METHOD |
|---|---|---|---|---|
| Celery, fresh, chopped | 12 lb | 2¼ gal | | 4. Add celery, peppers and onions to chicken; mix thoroughly. |
| Peppers, sweet, fresh, chopped | 1 lb 8 oz | 1⅛ qt | | |
| Onions, dry, chopped | 8 oz | 1½ cups | | |
| Juice, lemon | | 1 cup | | 5. Add lemon juice, Salad Dressing, salt, and pepper; mix lightly but thoroughly. Cover; refrigerate until ready to serve. |
| Salad Dressing | 3 lb 4 oz | 6½ cups | | |
| Salt | 4 oz | 6 tbsp | | |
| Pepper, black | | 1 tbsp | | |
| Lettuce, fresh, trimmed | 4 lb | | | 6. Place 1 ruffled lettuce leaf on serving dish, add 1 cup of chicken salad just before serving. |

(CONTINUED)





**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF**

**SYLVESTER O. BARBEE, ADC #131311** — **PLAINTIFF**

**v.** — **No: 5:13-CV-225 JLH/BD**

**ANGELIKA SMARJESSE, AUNDREA WEEKLY, and MARIE AUSTIN** — **DEFENDANTS**

**DECLARATION OF DR. DIRK HASELOW**

I, Dirk Haselow, am employed by the Arkansas Department of Health (ADH) as State Epidemiologist and Medical Director for Communicable Disease and also by the University of Arkansas for Medical Science as an Assistant Professor (Adjunct), in the Departments of Epidemiology and Pediatrics. As State Epidemiologist and Medical Director of Communicable Disease, my job duties and responsibilities include overseeing all surveillance for infectious diseases conducted by the ADH and managing any clusters or outbreaks of illness as appropriate. As an Assistant Professor, I teach a course in infectious disease epidemiology that summarizes the major human pathogens and methods undertaken to control them. At all times relevant to this declaration, I have held these positions. I received my MD from the University of Arkansas for Medical Sciences in 2008 and received my PhD in Epidemiology from the University of Maryland in 2002. I have personal knowledge regarding the following facts and I am competent to testify.

1. The Arkansas Department of Health (ADH) investigated an outbreak of Salmonellosis (salmonella) at the Arkansas Department of Correction's Cummins Unit in August 2012.




2. ADH collected stool and food samples for microbiological analysis and conducted an epidemiologic investigation that included inmate and staff interviews and a case-control study to identify food items involved in the outbreak.

3. Laboratory results confirmed the presence of at least five serotypes of salmonella in inmate stools.

4. Two of the serotypes involved were new to Arkansas. There is no context as to where these new serotypes originated. As to other common serotypes, the origin of the serotypes is not known. It is known that there is a linkage in food.

5. The serotype information does not contribute to medical care regarding salmonella.

6. There are no produced reports of what strain each inmate had. Salmonella was confirmed in inmate stools.

I swear, under the penalty of perjury, that the foregoing statements are true.

DIRK HASELOW, MD, PhD

4/21/14

DATE





IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF

**SYLVESTER O. BARBEE, ADC #131311** **PLAINTIFF**

**v.** **No: 5:13-CV-225 JLH/BD**

**ANGELIKA SMARJESSE, AUNDREA WEEKLY, and MARIE AUSTIN** **DEFENDANTS**

**DECLARATION OF DR. DIRK HASELOW**

I, Dirk Haselow, am employed by the Arkansas Department of Health (ADH) as State Epidemiologist and Medical Director for Communicable Disease and also by the University of Arkansas for Medical Science as an Assistant Professor (Adjunct), in the Departments of Epidemiology and Pediatrics. As State Epidemiologist and Medical Director of Communicable Disease, my job duties and responsibilities include overseeing all surveillance for infectious diseases conducted by the ADH and managing any clusters or outbreaks of illness as appropriate. As an Assistant Professor, I teach a course in infectious disease epidemiology that summarizes the major human pathogens and methods undertaken to control them. At all times relevant to this declaration, I have held these positions. I received my MD from the University of Arkansas for Medical Sciences in 2008 and received my PhD in Epidemiology from the University of Maryland in 2002. I have personal knowledge regarding the following facts and I am competent to testify.

1. The Arkansas Department of Health (ADH) investigated an outbreak of Salmonellosis (salmonella) at the Arkansas Department of Correction's Cummins Unit in August 2012.

(Ex. E-2)
Pg. 2 of 3

2. I was involved in the investigation and helped prepare the summary report on behalf of ADH Director and State Health Officer.

3. ADH collected stool and food samples for microbiological analysis and conducted an epidemiologic investigation that included inmate and staff interviews and a case-control study to identify food items involved in the outbreak.

4. Laboratory results confirmed the presence of at least five serotypes of salmonella in inmate stools.

Serotypes
8-26-12
9-27-12

5. Food testing identified that eggs from the Cummins prison hen house were contaminated with two exceptionally rare salmonella strains matching those found in ill inmates at the Cummins Unit. Cummins uses eggs from its hen house in preparation of food items served at the unit.

6. The investigation included a foodborne disease outbreak questionnaire, asking inmates to identify any food item eaten from the time of Tuesday, August 7, 2012 through Saturday, August 11, 2012.

7. The results of the investigation indicated that locally grown eggs colonized with salmonella were, at least in part, a cause of the outbreak. The investigation revealed that several food items served in the prison cafeteria were involved. Further, person-to-person transmission likely accounted for many of the cases.

8. ADH recommended several measures to limit further salmonella transmission and to prevent future foodborne outbreaks in the overall Arkansas Department of Correction prison system.



(EX. E-2)
PG. 3 OF 3

9. The measures recommended include improving the prison kitchen infrastructure, promoting hand hygiene, mandating food safety training for free-world kitchen staff and inmates, proper cleaning and sanitization of the kitchen, compliance with safe food preparation and storage practices, and follow-up testing of inmates with laboratory-confirmed salmonella who work in the prison kitchen (symptomatic kitchen workers identified at the time of interview were excluded from kitchen duties until negative for salmonella, which likely prevented ongoing contamination of food served in the prison and limited further person-to-person spread of the illness).

FALSE (EX. A-11)

I swear, under the penalty of perjury, that the foregoing statements are true.

DIRK HASELOW, MD, PhD

3/5/14

DATE