**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

SYLVESTER O. BARBEE                                                                              PLAINTIFF
ADC #131311

V.                                              NO: 5:14CV00265 JLH/JWC

CHERI ELLIS *et al*                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.

Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff Sylvester O. Barbee, an Arkansas Department of Correction ("ADC") inmate, filed a complaint on July 7, 2014, alleging prison officials were deliberately indifferent to a risk to his health prior to a salmonella outbreak at the ADC's Cummins Unit in 2012. Remaining defendants are Cheri Ellis, the Arkansas Livestock & Poultry Commission's ("ALPC") Agricultural Commodity

Compliance Supervisor, and Aundrea Weekly, the former Cummins Unit Deputy Warden.[1]

After a salmonella outbreak at Cummins in August of 2012, the Arkansas Department of Health conducted an investigation, and found five serotypes of salmonella in the inmate population. Investigators determined two of the strains were found to have colonized eggs produced in the Cummins hen house. Plaintiff asserts that Ellis failed to adequately inspect the Cummins hen house, and that Weekly failed to properly supervise the preparation of food and management of the Cummins kitchen. Plaintiff contends Ellis's and Weekly's indifference led to his illness. On June 3, 2015, Ellis and Weekly filed a motion for summary judgment, a statement of facts, and a brief in support (docket entries #100-#102). Plaintiff filed a response on May 2, 2016 (docket entry #155). Ellis and Weekly filed a reply on May 5, 2016, and Plaintiff filed a brief in support of his response on May 5, 2016 (docket entry #157).

### I. Standard of review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825

---

[1] Plaintiff's claims against former Defendants Troy Moore, Marie E. Austin, Jason Boyd, John Doe, Angelika Smarjesse, and USA, have been dismissed.

(8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## II. Analysis

Plaintiff in essence is asserting a conditions of confinement claim. To prevail on a condition of confinement claim, inmates must show: (1) the condition was serious enough to deprive them of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmates' health and safety. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam).

Although Plaintiff complained of illness, he did not seek medical attention (docket entry 100-7). Medical testing did establish the presence of salmonella in his system. However, even assuming that Plaintiff was incarcerated under conditions which constituted a substantial risk of serious harm, he cannot demonstrate any deliberate indifference by either Ellis or Weekly, and they are entitled to summary judgment.

<u>Defendant Ellis</u>

Ellis's only involvement in the events prior to the salmonella outbreak is that she conducted one random inspection of the Cummins hen house on June 7, 2012. Ellis's report documented the

cooler temperature, noted no problems, and concluded followup was not necessary. No egg product was present at the time of the inspection, and Ellis had no involvement in food preparation (docket entry 147-4). According to Dirk Haselow, M.D, the State Epidemiologist and Medical Director for Communicable Diseases, salmonella is not detectable by the human eye (docket entry #100-5). Additionally, there is no evidence that salmonella was present at the time of Ellis's inspection, or that she had any reason to believe salmonella would later be present. Contrary to Plaintiff's assertion, the ALPC does not have a machine to test for the presence of salmonella. A prison official is deliberately indifferent if he knows of and disregards a substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Based on Ellis's limited involvement, the length of time from her inspection to the outbreak, and the fact that nothing in her inspection would suggest the presence of salmonella, she cannot be found to be deliberately indifferent to a risk to Plaintiff's health, and she is entitled to summary judgment.

<u>Defendant Weekly</u>

As deputy warden, Weekly conducted weekly inspections of the kitchen, met with the food production manager, checked equipment and tools, and ensured proper hygiene. During the outbreak, Weekly worked with infirmary staff to identify persons who felt ill, and prevent them from working in the kitchen (docket entry #100-2). According to Haselow, those efforts likely prevented the spread of the disease (docket entry #100-5).

It is apparent from Plaintiff's response (docket entry #155), and his deposition testimony (docket entry #100-1), that he seeks to hold Weekly responsible for failing to ensure proper cleaning and cooking procedures in the Cummins kitchen. Weekly cannot be held liable simply because of her supervisory position. *See Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997)(no *respondeat*

*superior* liability for § 1983 violations). Although Weekly cannot be held liable simply because she was a supervisor, Weekly has acknowledged that she made weekly inspections of the kitchen, met with staff, and ensured proper sanitization procedures. It is also true the Arkansas Department of Health's report recommended improved training, sanitization, and food preparation practices (docket entry #155). However, that same report noted that inmate interviews "did not reveal any convincing examples of gross mishandling of food items" (docket entry #155, pages #28-#29). Nothing in the Department of Health's report, or any other evidence in the record, suggests that Weekly knew of a risk of salmonella, and disregarded that risk. To the extent Plaintiff is arguing Weekly should have known that the kitchen deficiencies could have lead to an outbreak, his claim fails. *See Spruce v. Sargent*, 149 F.3d 783, 786 (8th Cir. 1998)("should have known" standard not sufficient to support a finding of deliberate indifference). At most, Plaintiff may be able to establish Weekly was negligent in failing to improve kitchen operations. However, negligence is not sufficient to impose liability. *See Newman v. Holmes*, 122 F.3d 650, 652 (8th Cir.1997) (negligence is not enough to establish Eighth Amendment violation). Weekly is therefore entitled to summary judgment, and Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The motion for summary judgment filed by Defendants Cheri Ellis and Aundrea Weekly (docket entry #100) be GRANTED, and Plaintiff's complaint be DISMISSED.

2. Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to his claims against Ellis and Weekly, and DISMISSED WITHOUT PREJUDICE in all other respects.

3. All other pending motions be DENIED AS MOOT.

    4.    The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 16th day of May, 2016.

                                                                  _____
                                                                   UNITED STATES MAGISTRATE JUDGE